﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/29/19

DOCKET NO. 190418-9531
DATE: July 30, 2019

ORDER

Entitlement to a compensable rating for bilateral hearing loss prior to January 30, 2018 and in excess of 20 percent on and thereafter is denied.

FINDINGS OF FACT

1. Prior to January 30, 2018, there was no audiometric testing showing that the Veteran’s bilateral hearing loss manifested to a compensable degree. 

2. As of January 30, 2018, audiometric testing shows that the Veteran’s hearing loss is manifested by no more than Level V hearing in his left ear and Level VI in his right ear. 

CONCLUSION OF LAW

The criteria for a compensable rating for bilateral hearing loss prior to January 30, 2018 and in excess of 20 percent thereafter have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.159, 3.321, 4.85, 4.86, Diagnostic Code 6100.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from August 1962 to August 1964 and February 1985 to October 1989. This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.900(c).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

This case was previously before the Board in November 2017 and May 2019. In the November 2017 decision, the Board remanded the Veteran’s claim for a compensable rating for bilateral hearing loss to accord the Veteran a new examination. Following that development and in a March 2019 rating decision, the Agency of Original Jurisdiction (AOJ) increased the Veteran’s bilateral hearing loss evaluation to 20 percent, effective January 30, 2018. The Veteran submitted a timely VA Form 10182 (Notice of Disagreement) to opt into AMA in April 2019. Without awareness of the timely opt-in, the Board decided the appeal in May 2019. Accordingly, a July 2019 decision was issued by the Board vacating the May 2019 decision to allow proper appellate action under AMA. 

The Veteran requested direct review by the Board. Based on the Veteran’s choice to pursue a direct review of his appeal, the Board will decide the appeal “based on the evidence of record at the time of the prior decision.” Accordingly, no additionally submitted evidence may be considered. 

Entitlement to a compensable rating for service-connected bilateral hearing loss prior to January 30, 2018 and in excess of 20 percent on and thereafter

Disability ratings are determined by applying the criteria set forth in VA’s Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. The basis of disability ratings is the ability of the body as a whole, or of the psyche, or of a system or organ of the body, to function under the ordinary conditions of daily life, including employment. 38 C.F.R. § 4.10. 

The determination of whether an increased rating is warranted is based on review of the entire evidence of record and the application of all pertinent regulations. Schafrath v. Derwinski, 1 Vet. App. 589 (1991). Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. 

While the Veteran’s entire history is reviewed when making a disability determination, where service connection has already been established and increase in the disability rating is at issue, it is the present level of the disability that is of primary concern. Francisco v. Brown, 7 Vet. App. 55 (1994). However, staged ratings are appropriate for an increase rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different findings. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007). 

Disability ratings for service-connected hearing impairments are determined through a mechanical application of the rating schedule to the numeric designations assigned after audiometric evaluations are made. Bruce v. West, 11 Vet. App. 405 (1998); Lendenmann v. Principi, 3 Vet. App. 345 (1992). The regulations set forth eleven auditory acuity levels, designated from Roman numerals I to XI, in escalating order of hearing impairment. 38 C.F.R. § 4.85. The appropriate auditory level is identified as the point where the percentage of speech discrimination and puretone threshold average intersect. Id. 

The regulations also provide that in cases of exceptional hearing loss, i.e., when the puretone threshold at each of the four specified frequencies (1000, 2000, 3000, 4000 Hertz) is 55 decibels or more, the Roman numeral designation will be determined from either Table VI or Table VIA, whichever results in the higher numeral. 38 C.F.R. § 4.86(a). Likewise, a Roman numeral designation will be determined from either Table VI or Table VIA, whichever results in the higher numeral, when the puretone threshold is 30 decibels or less at 1000 Hertz, and 70 decibels or more at 2000 Hertz. That numeral will then be evaluated to the next higher Roman numeral. 38 C.F.R. § 4.86(b). 

In this case, the Veteran contends that his service-connected bilateral hearing loss warrants a compensable rating prior to January 30, 2018, and a rating in excess of 20 percent on and thereafter. The Veteran believes that a higher rating is warranted because his hearing loss greatly impacts his quality of life. He contends that he has difficulty interacting with others and talking on the phone because he is unable to understand distinctly what is said. He reports that he frequently has to ask others to repeat themselves, speak louder, and speak more clearly and that he forgoes participation in social activities and functions due to his hearing loss. 

The Veteran underwent a VA contract audiological examination in September 2009. The evaluation did not include a controlled speech discrimination test. 38 C.F.R. § 4.85(a). As such, this test is not sufficient for rating purposes. 

At a January 2015 VA audiological examination, the examiner noted that the test results were not valid for rating purposes because the degree of hearing loss could not be determined. Accordingly, this test is insufficient for rating purposes. 

In conjunction with the Board’s November 2017 remand, the Veteran underwent another VA audiological examination in January 2018. This audiological evaluation provided puretone thresholds, in decibels, as follows: 

 HERTZ

 1000 2000 3000 4000

RIGHT 50 45 55 65

LEFT 50 50 65 70

Those results show an average puretone threshold of 53.75 decibels in the Veteran’s right ear and 58.75 decibels in his left ear. Speech recognition ability using the Maryland CNC Test was 64 percent in the right ear and 72 percent in the left ear. These audiometry test results equate to Level VI hearing impairment in the Veteran’s right ear and Level V hearing impairment in the left ear, using Table VI. 38 C.F.R. § 4.85. Based on the mechanical application derived from Table VII in 38 C.F.R. § 4.85, these levels result in a 20 percent rating. An exceptional hearing loss pattern was not shown. 38 C.F.R. § 4.86. 

Given these results, the Veteran’s hearing loss has not approximated the criteria for a compensable rating prior to January 30, 2018, nor has his hearing loss more nearly approximated the criteria for a rating in excess of 20 percent on and thereafter. No adequate audiometric findings support a compensable evaluation prior to January 30, 2018, and the findings on the January 30, 2018 examination do not support a rating higher than the current evaluation of 20 percent. Accordingly, increased ratings are not warranted. 

The Board does not discount the difficulties the Veteran has with his hearing acuity. However, as noted above, schedular disability ratings for hearing loss are based on a mechanical application of the rating schedule to the numeric designations assigned after audiometric evaluations are performed. Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992). The rating criteria for hearing loss also contemplate the functional effects of decreased hearing and difficulty understanding speech in an everyday work environment as these are the effects that VA’s audiometric tests are designed to measure. Doucette v. Shulkin, 28 Vet. App. 377 (2017), 

The Board is sympathetic to the Veteran’s belief that a higher rating is warranted for his service-connected bilateral hearing loss. However, the audiometric examination results, when compared to the rating criteria, do not warrant a 

(CONTINUED ON NEXT PAGE)

compensable rating prior to January 30, 2018, or in excess of 20 percent on and thereafter. Accordingly, the Board finds that the preponderance of the evidence is against the claim, and the claim must be denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. Goreham, Attorney Advisor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.